### MICHAEL BOYCE, Testamentary Executor, *v.* JOHN DAVIS.

The Fourth District Court of New Orleans has no jurisdiction in matters of succession.

A curator of a vacant succession who has been regularly appointed by a court of competent authority, cannot be called upon to account for any funds of the succession in his hands, before any other court than the one in which the succession has been opened.

When the amount of a debt due the succession by the curator has been inventoried, he is thereby charged with so much money in his hands due the succession—he cannot be sued for such a debt ; the proper remedy is to call upon him to account for it as funds in his hands, before the court in which the succession has been opened.

APPEAL from the Fourth District Court of New Orleans, *Price,* J.
*T. Gilmore,* for plaintiff.   *G. Legardeur,* for defendant and appellant.

MERRICK, C. J.   The defendant, *John Davis,* was indebted to *John McLaughlan,* by note. *McLaughlan* died, and on the 2d day of November, 1857, *Davis* applied for letters of curatorship upon *McLaughlan's* succession, as a vacant estate. On the 16th of November, an order was made appointing the defendant, on complying with the requisites of law. On the 18th, a will of the deceased was produced and ordered to be admitted to probate. The next day the plaintiff applied for letters testamentary and obtained an order that they should be delivered to him on taking the oath, no notice being taken of the previous order in favor of defendant appointing him curator.

The defendant having completed the inventory, returned the same, and on the same day, November 19, procured an order approving the same, and the bond tendered by him as curator, no notice this time having been taken of the application of *Boyce* for letters testamentary.

Letters of curatorship issued to the defendant, *Davis*, December 3d, 1857.

On the 17th of December, letters testamentary were granted the plaintiff.

On the 9th of December, 1857, *John McLaughlan, Jr.*, presented himself as universal lagatee, and demanded an injunction against *Davis*, and to be put in possession as universal legatee. On the 24th day of December, this suit was instituted in the Fourth District Court by the plaintiff, as testamentary executor, against *Davis*, on the note which he owed the deceased, and which had been placed on the inventory. On the 11th of January, 1858, a decree was rendered in the Second District Court, where the succession was opened recognizing *John Mc-Laughlan, Jr.*, as instituted heir and universal legatee, and ordering that he be put in possession of the succession in conformity to the will.

The same day, the defendant filed an exception to this suit in the Fourth District Court, setting up his appointment as curator, which he averred had never been annulled, and that he could only be called upon to account for any sums in his hands before the Second District Court. The exception being overruled, defendant stated the account of his administration, annexed the same to his answer, wherein he charged himself with the note, and claimed sundry credits, and prayed that plaintiff's demand be decreed compensated.

On the trial, in order to sustain his answer, defendant offered to read in evidence the mortuary proceedings, but being objected to by plaintiff's counsel, they were excluded, and defendant excepted.

The record, therefore, presents the question, first, whether the Fourth District Court had jurisdiction? We think it had not.

The defendant was appointed by a court of competent authority, curator of the succession of the deceased, as a vacant succession, and thus was his relationship to the estate fixed.

The obligation sued on was mentioned in the inventory, and the bond which he gave under Arts. 1119, 1120 C. C. covered this as well as the other items mentioned in the inventory. It is clear that it was a matter proper to be carried into the curator's account, and his sureties on the bond became bound with him for that, as one of the assets of the succession, and the curator was chargeable with the same on the rendition of his account. In the case of *Fusilier* v. *Babineau*, 11 An. 394, we said, *arguendo :* "An administrator is not compelled to collect the debt of himself, which would be absurd, but he is charged directly with so much money in his hands due the estate," &c.

So, whenever the curator is called upon to render his account, it will be sufficient for him to charge himself with this and other funds in his hands, and claim such credits as he may be entitled to. It might happen that the administrator or curator had paid out all the funds due the estate, including his own debt. Now, if the heir or other party could sue him for a debt due the deceased, it would give rise to a circuity of actions which the law abhors. We think it is more reasonable to compel parties to call upon the curator to account in the proper court. The case of *Grubb's Heirs* v. *Henderson*, 6 La. 53, 54, rests upon a very different state of facts. The notes, the subject of that controversy were not payable to the deceased, but to third parties, and the remark that the courts of ordinary jurisdiction were the proper tribunals to enforce debts due a succession, had reference to debts due by other persons besides the administrator.

The notes in that case being payable to other parties, not carried into the inventory, and a revocatory action being needed to declare the rights of the

BOXOB
*v.*
DAVIS.

parties, it was clear that courts of probate, as then organized, had no juris-diction.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed; that said exception filed by the defendant be sustained; and that the cause be dismissed at the cost of the plaintiff in both courts.